GEORGE A. WHITNEY & another *vs.* CHARLES STEARNS & others.

The court, as a court of equity, has no jurisdiction of matters of fraud, except when such matters arise incidentally in cases in which the court has equity jurisdiction.

When property is conveyed for the purpose of defrauding the grantor's creditors, the court cannot, by regarding the grantee as a trustee for the creditors, take jurisdiction of the matter, under the Rev. Sts. *c.* 81, § 8, which give the court power to hear and determine in equity all suits and proceedings for enforcing and regulating the execution of trusts.

When a bill in equity prays for a decree that the defendants, part of whom are infants, shall convey real estate to the plaintiff, no such decree can be made against the infants, until they come of age.

THE plaintiffs alleged, in a bill in equity, that Amos Chase, on the 15th of December 1841, mortgaged to them certain real estate in Springfield, to secure a debt due from him to them, "meaning to convey the interest which said Chase had in said real estate, and buildings situate thereon, in common with Sarah A. Chase, and Mary C. Chase, minor children of said Amos: " That said Chase was then in possession of said estate, under a title derived from the defendant Stearns, having purchased the same of him, and paid him $500 therefor, on the 6th of November 1840: That said Chase, about the time of making the aforesaid mortgage, built a dwelling-house and other buildings, and also fences, on said estate, and expended thereon about $2500, and continued in the sole use and occupation of said estate and buildings until his death in 1843: That said Chase, in 1840, and for many years before, was insolvent, and owed large debts, which he could not pay out of any visible property in his possession; that, while he was so insolvent, he bought said estate of Stearns, and erected the aforesaid buildings and fences thereon; but that the conveyance, which he took, was made to said minor children, in whole or in part, to preserve it from attachment by his cred itors: That said Stearns, in February 1844, was appointed guardian of said children, who are still minors under the age of fourteen years, and that he thereupon entered upon said real estate, as such guardian, and had ever since held possession

thereof, and had received large sums as the rent and income thereof, and had held the plaintiffs out of the same : That the plaintiffs had demanded of said Stearns possession of said estate, and a conveyance thereof, and an account of the rents and profits thereof, or payment for the interest of said Amos Chase therein ; all which said Stearns had refused to do.   Wherefore the plaintiffs prayed that said Stearns and said Sarah A. and Mary C. might true answers and discovery make, on oath, to the aforesaid allegations, and that the court would decree a conveyance and account to the plaintiffs, and render such further relief as circumstances require.

The defendant Stearns, and the said Sarah A. and Mary C., by said Stearns, their guardian, filed a joint and several answer, the contents of which, so far as is necessary to a full understanding of the grounds of the decision of the court, appear in the following opinion, given by

WILDE, J.   This bill is founded on an allegation of fraud by Amos Chase, since deceased, whereby he, having derived a title, from the defendant Stearns, to the premises described ' in the bill, procured a conveyance thereof to be made to the other defendants, the said Chase's minor children, to preserve the same from attachment by his creditors.   The answer admits that the plaintiffs were creditors of the said Chase ; but it denies that he ever had any title to the premises, or that he procured a deed to be made to his children, for the fraudulent purpose alleged ; and according to the facts alleged in the answer, it may be well doubted whether the conveyance to the children of Chase can be considered fraudulent against his creditors.   But however this may be, (as to which it is not necessary to express an opinion,) we are satisfied we have no jurisdiction of the case as stated in the bill.   We have a limited jurisdiction, which does not extend to matters of fraud, which courts of equity, having full jurisdiction, would relieve against, except where such matters arise incidentally in cases in which we have jurisdiction ; as in the case of *Holland* v. *Cruft,* 20 Pick. 321, in which the court set aside an assignment of property, on the ground that it was made to

defraud the creditors of the assignor. So in *Johnson* v. *Whitwell*, 7 Pick. 71, the court held a deed void for the like reason. But in both cases, the question of fraud arose incidentally, by way of defence, where the court had jurisdiction. In the present case, we have no jurisdiction, unless we should regard the parties, holding the property claimed, and participating in the fraud, as trustees for the parties prejudiced. But this would be to assume jurisdiction in matters of fraud, which constitutes a distinct and important head of equity jurisdiction, under the name of trusts; which we are not authorized to do.

There is, however, another ground of defence, which would be decisive, even if we had jurisdiction. The bill prays that a conveyance of the premises, by the defendants, may be decreed. But no such conveyance can be decreed during the minority of the children, who are defendants; as was decided in *Coffin* v. *Heath*, 6 Met. 76, cited by the defendants' counsel. That case was well considered, and we remain satisfied with the reasons on which the decision was founded.                                    *Bill dismissed.*

*R. A. Chapman*, for the plaintiffs.

*Vose*, for the defendants.